John Troy, Esq.
Aaron B. Schweitzer, Esq.
Tiffany Troy, Esq.
TROY LAW, PLLC
41-25 Kissena Boulevard
Suite 110
Flushing, NY 11355
Phone (718) 762-1324
Fax (718) 762-1342
troylaw@troypllc.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------ x
OLIVERIO OLIVOS ORTEGA,
*on behalf of himself and others similarly situated,*

                                        Plaintiff,        Case No. 25-cv-02905

                              v.                       **CLASS ACTION**
                                                        **COMPLAINT**

274 BROADWAY CORP.
    d/b/a Emperador Elias Restaurant Corp., and    **DEMAND FOR JURY TRIAL**
ELIAS CESPEDES,

                                        Defendants.
------------------------------------------------------------------------ x

       Plaintiff Oliverio Olivos Ortega, (hereinafter "Plaintiff" or "Ortega"), by and through his attorneys, John Troy, Aaron B. Schweitzer, and Tiffany Troy of Troy Law, PLLC, hereby brings this Complaint against Defendants 274 Broadway Corp. d/b/a Emperador Elias Restaurant Corp. (hereinafter "Corporate Defendant" or "Emperador") and Elias Cespedes (hereinafter "Individual Defendant" or "Cespedes;" hereinafter collectively referred to as "Defendants"), and alleges as follows:

## INTRODUCTION

1. This is an action for damages under the Internal Revenue Code, 26 U.S.C. § 7434 for relief, damages, fees in this matter because Defendants willfully filed fraudulent information returns with the Internal Revenue Service ("IRS").

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this controversy under Section 1331 of Title 28 of the United States Code.

3. Venue is proper in the Eastern District of New York pursuant to Section 1391, Subsection (b) and (c) of Title 28 of the United State Code.

## ADMINISTRATIVE REQUIREMENTS

4. The IRS has been notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under 26 U.S.C. § 7434 Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court." 26 U.S.C. § 7434(d).

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

## PLAINTIFF

6. Ortega was employed by Defendants to work as a dishwasher and food prep cook at Defendants' restaurant Emperador Elias Restaurant from in or before August 2016 through August 2022.

## DEFENDANTS

7. Emperador was, throughout the period relevant to this lawsuit, a domestic business corporation with a principal place of business at 274 Broadway, Brooklyn, NY 11211.

8. During the period relevant to this lawsuit, Emperador issued to Ortega, and filed with the IRS, the information returns complained of, to wit:

    a. A Form W-2 (issued to Ortega), and upon information and belief a Form 1120-S, quarterly Forms 941, and an annual Form 940 (each filed with the IRS), setting forth or otherwise incorporating the false information that Ortega had received

$19,320.00 in wages in 2018, when in fact Ortega had received approximately $36,360.00 ($680.00/week * approximately 52 weeks/year) in wages in 2018;

b. A Form W-2 (issued to Ortega), and upon information and belief a Form 1120-S, quarterly Forms 941, and an annual Form 940 (each filed with the IRS), setting forth or otherwise incorporating the false information that Ortega had received $22,680.00 in wages in 2019, when in fact Ortega had received approximately $36,360.00 ($680.00/week * approximately 52 weeks/year) in wages in 2019; and

c. A Form W-2 (issued to Ortega), and upon information and belief a Form 1120-S, quarterly Forms 941, and an annual Form 940 (each filed with the IRS), setting forth or otherwise incorporating the false information that Ortega had received $6,300.00 in wages in 2020, when in fact Ortega had received approximately $40,290.00 ($680.00/week from January through August 2020 * approximately 35 weeks/year + $970.00/week from September through April 2020 * approximately 17 weeks/year) in wages in 2020.

9. Cespedes was, throughout the period relevant to this lawsuit, the owner and principal of Emperador.

10. Cespedes hired, supervised, scheduled and paid Ortega.

11. Upon information and belief, Cespedes directed Emperador's accountant to file the information returns complained of, containing the false and misleading account of Ortega's compensation over the years 2018, 2019, and 2020.

## STATEMENT OF FACTS

12. In 2018, Defendants paid Ortega $680.00 by cash each workweek, amounting to approximately $36,360.00/year ($680.00/week * approximately 52 weeks/year).

13. In 2019, Defendants paid Ortega $680.00 by cash each workweek, amounting to approximately $36,360.00/year ($680.00/week * approximately 52 weeks/year).

14. For about the first 35 weeks of 2020, Defendants paid Ortega $680.00 by cash each workweek.

15. For the remaining approximately 17 weeks of 2020, Defendants paid Ortega $970.00 by check each workweek.

16. That is, in 2020, Defendants paid Ortega approximately $40,290.00/year ($680.00/week from January through August 2020 * approximately 35 weeks/year + $970.00/week from September through April 2020 * approximately 17 weeks/year).

17. However, Defendants issued to Ortega, and filed with the IRS, the information returns complained of, to wit:

    a. In 2019, a Form W-2 (issued to Ortega), and upon information and belief a Form 1120-S, quarterly Forms 941, and an annual Form 940 (each filed with the IRS), setting forth or otherwise incorporating the false information that Ortega had received $19,320.00 in wages in 2018, when in fact Ortega had received approximately $36,360.00 ($680.00/week * approximately 52 weeks/year) in wages in 2018;

    b. In 2020, a Form W-2 (issued to Ortega), and upon information and belief a Form 1120-S, quarterly Forms 941, and an annual Form 940 (each filed with the IRS), setting forth or otherwise incorporating the false information that Ortega had received $22,680.00 in wages in 2019, when in fact Ortega had received approximately $36,360.00 ($680.00/week * approximately 52 weeks/year) in wages in 2019; and

    c. In 2021, a Form W-2 (issued to Ortega), and upon information and belief a Form 1120-S, quarterly Forms 941, and an annual Form 940 (each filed with the IRS), setting forth or otherwise incorporating the false information that Ortega had received $6,300.00 in wages in 2020, when in fact Ortega had received approximately $40,290.00 ($680.00/week from January through August 2020 * approximately 35 weeks/year + $970.00/week from September through April 2020 * approximately 17 weeks/year) in wages in 2020.

18. Throughout Plaintiff's employment, Defendants did not withhold any wages from Plaintiff's pay for purposes of paying federal income, New York State income, local income, Social Security, or Medicare taxes.

19. However, for 2018, Emperador falsely reported on Ortega's W-2 that it withheld $1,757.00 in federal income tax, $558.00 in state income tax, $408.00 in local income tax, $1,198.00 (6.20% of $19,380.00) in Social Security tax, and $280.00 (1.45% of $19,380.00) in Medicare tax, from Ortega's pay.

20. Further, for 2019, Emperador falsely reported on Ortega's W-2 that it withheld $2,122.00 in federal income tax, $732.00 in state income tax, $525.00 in local income tax, $1,406.00 (6.20% of $22,680.00) in Social Security tax, and $329.00 (1.45% of $22,680.00) in Medicare tax, from Ortega's pay.

21. Finally, for 2020, Emperador falsely reported on Ortega's W-2 that it withheld $367.00 in federal income tax, $220.00 in state income tax, $156.00 in local income tax, $391.00 (6.20% of $6,300.00) in Social Security tax, and $91.00 (1.45% of $6,300.00) in Medicare tax, from Ortega's pay.

22. Upon information and belief, Emperador incorporated the information on Plaintiff's W-2s for 2018, 2019, and 2020 on its Forms 1120-S, quarterly Form 941s, and annual Form 940s for those years.

23. Defendants filed the information returns complained of willfully, in furtherance of a scheme to reduce Emperador's tax liability for its portion of the Social Security and Medicare payroll taxes from what they would have been had Ortega's income been reported in full, reducing Plaintiff's entitlement to these programs' benefits to less than it would otherwise be.

24. In 2018, Emperador paid $1,198.00 (6.20% of $19,380.00) in the employer's portion of the Social Security tax when it ought to have paid approximately $2,254.32 (6.20% of approximately $36,360.00), and $280.00 (1.45% of $19,380.00) when it ought to have paid $527.22 (1.45% of approximately $36,360.00).

25. In 2019, Emperador paid $1,406.00 (6.20% of $22,680.00) in the employer's portion of the Social Security tax when it ought to have paid approximately $2,254.32 (6.20% of approximately $36,360.00), and $329.00 (1.45% of $22,680.00) in Medicare tax when it ought to have paid $527.22 (1.45% of approximately $36,360.00).

26. In 2020, Emperador paid $391.00 (6.20% of $6,300.00) in the employer's portion of the Social Security tax when it ought to have paid approximately $2,497.98 (6.20% of $40,290.00), and $91.00 (1.45% of $6,300.00) in Medicare tax when it ought to have paid $584.21 (1.45% of $40,290.00).

27. As Defendants willfully filed fraudulent information returns in violation of 26 U.S.C. § 7434, Plaintiff is entitled to damages in an amount equal to the greater of $5,000.00 for

each violation or the sum of any actual damages sustained by him, costs of the action and reasonable attorneys' fees.

## CLASS ALLEGATIONS

28. Plaintiff brings his Internal Revenue Code claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and on behalf of all persons employed by Defendants during the six years limitation period (the "Class").

29. The members of the Class, like Plaintiff, were/are subjected to Defendants' unlawful filing of fraudulent information returns with the IRS.

30. The claims of Plaintiff described herein are typical of the claims of the Class he seeks to represent.

31. Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions and employment litigation.

32. Common questions of law and fact exist as to the Class, and predominate over any questions affecting only individual members of the Class, which include, but are not limited to, the following:

   a. Whether Defendants failed to report in their filings wages and/or other income of Plaintiff and the Class that was actually provided;

   b. Whether Defendants reported tax withholdings from Plaintiff and the Class that were not actually withheld;

   c. Whether Defendants' underreporting of Plaintiff's and the Class's wages reduced Plaintiff's and the Class's entitlement to Social Security and/or Medicare benefits; and

   d. Whether Defendants' violations of the Internal Revenue Code were willful.

33. These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

34. Plaintiff is a member of the Class that he seeks to represent. Plaintiff's claims are typical or the claims of the Class. The relief Plaintiff seeks for the unlawful policies and practices complained of therein is also typical of the relief which is sought on behalf of the Class.

35. Plaintiffs' interests are co-extensive with those of the Class that he seeks to represent in this case. Plaintiff is willing and able to represent the Class fairly and to vigorously pursue his similar individual claims in this action. Plaintiff has retained counsel who are qualified and experienced in labor and employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity. The combined interests, experience and resources of Plaintiffs and their counsel to litigate the individual and Class claims at issue in this case satisfy the adequacy of representation requirement of Rule 23(a)(4) of the Federal Rules of Civil Procedure.

36. Defendants have acted or refused to act on grounds generally applicable to the Class, making final injunctive and declaratory relief appropriate with respect to the Class as a whole.

37. Injunctive and declaratory relief are the predominant relief sought in this case because they are the culmination of the proof of Defendants' liability to Plaintiff and class-wide liability and the essential predicate for Plaintiff's and the Class's entitlement to monetary and non-monetary remedies to be determined at a later stage of the proceedings.

38. The common issues of fact and law affecting Plaintiff's claims and those of the Class members, including the common issues identified above, predominate over any issues affecting only individual claims.

39. A class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' claims and the claims of the Class. There will be no difficulty in the management of this action as a class action.

40. The cost of proving Defendants' violations of the IRC and the supporting Federal Regulations makes it impracticable for Plaintiff and the Class to pursue their claims individually. Maintenance of a class action promotes judicial economy by consolidating a large class of potential plaintiffs litigating identical claims. The claims of the Class interrelate such that the interests of the members will be fairly and adequately protected in their absence. Additionally, the questions of law and fact common to the Class arise from the same course of events and each class member will make similar legal and factual arguments to prove Defendants' liability.

41. The Class is so numerous that joinder of all members is impracticable. While the exact number of the Class is unknown to Plaintiff at the present time, upon information and belief, there are at least 40 similarly-situated persons who were/are employed by Defendants on whose behalf Defendants filed fraudulent information returns with the IRS during the Class period.

42. Plaintiff is currently unaware of the identities of the members of the Class. Accordingly, Defendants should be required to provide Plaintiffs with a list of all persons employed by Defendants on whose behalf Defendants filed fraudulent information returns during the Class Period, along with their last known address, telephone numbers and e-mail address, so Plaintiffs can give the Class Notice of this Action and an opportunity to make an informed decision abut whether to participate in it.

## STATEMENT OF CLAIMS

### COUNT I.
### VIOLATION OF IRC § 7434
### BROUGHT ON BEHALF OF PLAINTIFF AND THE CLASS AGAINST DEFENDANTS

43. Plaintiff, on behalf of himself and the Class, re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

44. 26 U.S.C. § 7434 provides that where any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person filing such information return.

45. As set forth above, during the period relevant to this lawsuit, Defendants willfully filed fraudulent information returns with respect to payments purported to be made to Plaintiff and the Class. These information returns falsely stated, at various times, that that taxable income was not received by Plaintiff and the Class when in fact it was. As a result, Plaintiffs and the Class suffered loss of benefits.

46. Defendants' violations of 26 U.S.C. § 7434 entitle Plaintiff and the Class to recover the greater of: $5,000 for each violation; and the actual economic damages sustained as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving the deficiencies asserted as a result of such filing) plus reasonable attorneys' fees and costs.

### DEMAND FOR TRIAL BY JURY

47. Pursuant to Rules 38(b) and (c) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and the Class, respectfully requests that this Court enter a judgment providing the following relief:

a. Issue a declaratory judgment that the practices complained of are unlawful under 26 U.S.C. § 7434;

b. Issue an injunction against Corporate Defendant, its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices complained of herein;

c. Declare this action to be maintainable as a class action pursuant to Fed. R. Civ. P. 23 as to the Class;

d. Designate Plaintiff as representatives of the Class;

e. Designate Troy Law, PLLC as class counsel as to the Class;

f. Determine the damages sustained by Plaintiff and the Class as a result of Defendants' violations of the IRC and/or its implementing regulations (whether $5,000.00 per Plaintiff and per Class member; or actual damages plus attorney fees and costs), and award those damages against Defendants, and in favor of Plaintiff and the IRC Class, plus such pre-judgment and post Judgment interests as may be allowed by law; and

g. Grant Plaintiffs and the IRC Class such other and further relief that the court deems just and proper.

Dated: May 25, 2025
Flushing, New York

                                            */s/ John Troy*
John Troy, Esq.
Aaron B. Schweitzer, Esq.
Tiffany Troy, Esq.
TROY LAW, PLLC
41-25 Kissena Boulevard
Suite 110
Flushing, NY 11355
Phone: (718) 762-1324
Fax: (718) 762-1342
Email: troylaw@troypllc.com
*Attorneys for Plaintiff*